UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

                    Plaintiff,

        v.

JUAN HIDALGO-MENDOZA,

                    Defendant.

CASE NO. CR13-5029 BHS

ORDER DENYING
DEFENDANT'S MOTION TO
REDUCE SENTENCE

This matter comes before the Court on Defendant Juan Hidalgo-Mendoza's pro se

motion for modification or reduction of sentence. Dkt. 100. The Court has considered the

pleadings filed in support of and in opposition to the motion and the remainder of the file

and hereby denies the motion for the reasons stated herein.

## I.    FACTUAL & PROCEDURAL BACKGROUND

In 2013, Hidalgo-Mendoza was indicted for Conspiracy to Distribute Controlled

Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) (Count 1), and 846,

Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§

841(a)(1), 841(b)(1)(A) (Count 2), and 18 U.S.C. § 2, Possession of a Firearm in

Furtherance of Drug Trafficking, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count

3), and two counts of Possession of a Firearm by Prohibited Person, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(5)(A), and 924(a)(2). Dkt. 18. Following a four-day trial, a jury found Hidalgo-Mendoza guilty of Counts 1, 2, 3, and Felon in Possession of a Firearm (Count 4). Dkt. 66. With respect to the charges of Conspiracy to Distribute Controlled Substances and Possession with Intent to Distribute Controlled Substances, the jury specifically and unanimously found that each count involved one kilogram or more of heroin and 500 grams and more of methamphetamine, triggering application of the mandatory statutory penalty of not less than ten years' imprisonment, as set forth in 21 U.S.C. § 841(b)(1)(A). *See id.* The jury's conviction on Possession of a Firearm in Furtherance of Drug Trafficking additionally triggered a mandatory term of imprisonment of 60 months, statutorily required to run consecutively. *See* 18 U.S.C. § 924(c)(1)(A).

On August 27, 2013, the Honorable Ronald B. Leighton[1] sentenced Hidalgo-Mendoza to a combined 180 months custody, equal to the combined applicable mandatory minimum. Dkt. 83. Hidalgo-Mendoza filed a timely appeal, Dkt. 81, and the Ninth Circuit Court of Appeals affirmed his conviction, Dkts. 98, 99. Hidalgo-Mendoza is currently housed at the Federal Correctional Institute in Victorville, California and is scheduled to be released on August 24, 2025.

On March 22, 2021, Hidalgo-Mendoza moved to reduce or modify his sentence pursuant to 18 U.S.C. § 3582 and Amendment 782. On March 30, 2020, the Government

---

[1] This case was reassigned to the undersigned on March 23, 2021 following Judge Leighton's retirement from the federal bench. Dkt. 101.

responded. Dkt. 102. On April 13, 2021, Hidalgo-Mendoza filed a motion for stay or an extension of time to file his reply, asserting that the detention center where he was housed (the Reeves County Detention Center in Pecos, Texas) was closing on May 10, 2021 and that he was in quarantine awaiting transfer to another correctional facility. Dkt. 103. The Court granted Hidalgo-Mendoza an extension until June 4, 2021 to file his reply. Dkt. 104. Hidalgo-Mendoza did not reply.

## II. DISCUSSION

Hidalgo-Mendoza asserts several different vehicles by which the Court could modify or reduce his sentence. The Court will address each in turn.

### A. Amendment 782

Amendment 782 to the United States Sentencing Guidelines ("USSG"), which became effective November 1, 2014, lowered the penalties for most drug offenses by reducing most base offense levels contained in the USSG § 2D1.1 Drug Quantity Table by two levels, and making other related adjustments to this Guideline. Along with Amendment 782, the Sentencing Commission adopted Amendment 788, which decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates.

In order to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States*

*v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). A district court does not have jurisdiction to reduce a defendant's sentence unless both criteria are met. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).

A defendant who receives a sentence based on the statutory mandatory minimum is not entitled to a reduction because the sentence is not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009) (quoting 18 U.S.C. § 3582(c)(2) (internal quotations omitted)). As the Government notes, Hidalgo-Mendoza was subject to a combined mandatory minimum applicable to Counts 1, 2, and 3 of no less than 180 months. *See* Dkt. 66; 21 U.S.C. § 841(b)(1)(A); 18 U.S.C. § 924(c)(1)(A). Hidalgo-Mendoza's conviction for Counts 1 and 2—Conspiracy to Distribute Controlled Substances and Possession with Intent to Distribute Controlled Substances—triggered a mandatory minimum sentence of 120 months due to the large quantities of heroin and methamphetamine involved in his offenses. *See* 21 U.S.C. § 841(b)(1)(A). And his conviction for Count 3— Possession of a Firearm in Furtherance of Drug Trafficking— additionally triggered a mandatory term of imprisonment of 60 months, statutorily required to run consecutively. *See* 18 U.S.C. § 924(c)(1)(A).

Hidalgo-Mendoza's sentence was the minimum sentence that the Court could impose and was not based on the sentencing guidelines. These statutory mandatory minimums are still in effect. Therefore, Hidalgo-Mendoza is not entitled to a reduction in his sentence predicated on Amendment 782.

**B.     First Step Act**

Hidalgo-Mendoza also asserts that the First Step Act provides a basis to reduce his sentence but does not cite a specific provision that allows the Court to do so. Congress enacted the First Step Act on December 21, 2018. Pub. L. No. 115–391, 132 Stat. 5194. The First Step Act provides a variety of sentencing reforms, and the Court will address each section as applied to Hidalgo-Mendoza.

Section 401 of the First Step Act amends the recidivism enhancement provisions in 21 U.S.C. §§ 841(b)(1)(A) and (B) and 960(b)(1) and (2). Hidalgo-Mendoza is not eligible for relief under Section 401 because the section cannot be applied retroactively to his sentence. Section 401 and "the amendments made by this section," apply retroactively to any offense that was committed before the date of enactment of the First Step Act only "if a sentence for the offense has not been imposed as of such date of enactment." First Step Act, § 401(c); *see also United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019) ("[T]he First Step Act is largely forward-looking and not retroactive."); *United States v. Sullivan*, 781 F. App'x 553, 554 (7th Cir. 2019) ("We have held that this language does not apply to a defendant who was sentenced in a district court before December 21, 2018."). Hidalgo-Mendoza was sentenced in 2013, *see* Dkt. 83, and he is ineligible for relief under Section 401.

Section 402 amends the safety valve provision of 18 U.S.C. § 353(f) to allow defendants with limited criminal history eligible for a sentence below a mandatory minimum. First Step Act § 402. Section 402 is inapplicable to Hidalgo-Mendoza's sentence for two reasons. First, Section 402 did not eliminate the provision that precludes

safety valve eligibility when a defendant possessed a firearm or other dangerous weapon in connection with the offense. *See* 18 U.S.C. § 3553(f)(2). Hidalgo-Mendoza was convicted of two charges involving possession of a firearm, rendering him ineligible for a safety valve reduction. *See* Dkt. 66 (Counts 3 and 4). Second, Section 402 (like Section 401) is not retroactive. *United States v. Manzo*, 793 F. App'x 620 (9th Cir. 2020). Therefore, Section 402 does not provide relief for Hidalgo-Mendoza.

Section 403 amended 18 U.S.C. § 924(c)(1)(C)'s stacking provision so that the 25-year enhancement applies only "after a prior conviction under this subsection has become final." First Step Act § 403(a). The 25-year enhancement no longer applies when all of a defendant's § 924(c) convictions arise in the same proceeding. *See Untied States v. Voris*, 964 F.3d 864, 873–74 (9th Cir. 2020). Section 403 is inapplicable here because Hidalgo-Mendoza did not receive a stacking enhancement under § 924(c)(1)(C). Additionally, Section 403 is not retroactive. *See id.* Section 403 additionally does not provide relief.

Finally, Section 404 of the First Step Act makes retroactive Sections 2 and 3 of the Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372 (2010). In turn, sections 2 and 3 of the Fair Sentencing Act lowered applicable criminal penalties for offenses involving crack cocaine, as opposed to powder cocaine. *Dorsey v. United States*, 567 U.S. 260, 269 (2012) ("The change had the effect of lowering the 100–to–1 crack-to-powder ratio to 18–to–1."). Section 404 is inapplicable to Hidalgo-Mendoza because his convictions involved the possession of heroin and methamphetamine.

In sum, the First Step Act does not entitle Hidalgo-Mendoza to a sentence reduction or modification.

## C.    *Rehaif v. United States*

Hidalgo-Mendoza additionally seeks a reduction or modification to his sentence based on *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019). *Rehaif* addressed the intent standard that must be proven to convict a defendant of a charge of illegal possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and clarified that § 922(g) requires the Government to prove that the accused "knew he [or she] belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200.

Hidalgo-Mendoza appears to argue that his indictment is missing an essential element for the charges under § 922(g) because it did not include that he knew he belonged to a category of persons barred from possessing a firearm. *See* Dkt. 100 at 8–9. It is unclear whether Hidalgo-Mendoza is seeking to collaterally attack his conviction for Felon in Possession of a Firearm or whether he is seeking a reduction of his sentence based on the "invalidation" of the Felon in Possession charge. To the extent that Hidalgo-Mendoza seeks to challenge the underlying conviction, the more appropriate vehicle would be to bring a habeas petition pursuant to 28 U.S.C. § 2255. But, if he is seeking to reduce his sentence, the Court agrees with the Government that Hidalgo-Mendoza's sentence for Felon in Possession is "entirely concurrent to [his] other sentences and had no effect at all on the duration of his combined sentence." Dkt. 102 at 8; *see also* Dkt. 83.

As it stands, *Rehaif* does not provide Hidalgo-Mendoza a reduction or modification to his sentence.

**D.      18 U.S.C. § 3582(c)(1)(A)**

While not explicitly argued, Hidalgo-Mendoza makes passing reference to the prison conditions during the COVID-19 pandemic. *See* Dkt. 100 at 12–13. The Court has routinely considered motions to modify or reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) during the pandemic, commonly referred to as motions for compassionate relief. Given that Hidalgo-Mendoza filed this motion pro se, the Court will consider whether he is eligible for relief under 18 U.S.C. § 3582(c)(1)(A).

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended § 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;
> ***
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the Bureau of Prison's ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id*.

Hidalgo-Mendoza has not provided any evidence that he has exhausted his remedies with his BOP warden, nor has he provided any extraordinary and compelling reasons other than the length of his sentence and prison conditions. While the Court has discretion to consider any extraordinary and compelling reason for release a defendant may raise, *see United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021), Hidalgo-Mendoza has not met his burden in making a showing that he has satisfied the exhaustion requirement. The Court, therefore, will not consider whether he is entitled to compassionate release. *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (failure to comply with § 3582(c)(1)(A)'s exhaustion requirement "presents a glaring roadblock foreclosing compassionate release at this point.").

In conclusion, Hidalgo-Mendoza has not established the means by which the Court could reduce or modify his sentence. His motion is, therefore, denied.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Hidalgo-Mendoza's motion for modification or reduction of sentence, Dkt. 100, is **DENIED**.

Dated this 30th day of June, 2021.

BENJAMIN H. SETTLE
United States District Judge